**In re Anonymous No. 42 D.B. 87**

Disciplinary Board Docket no. 42 D.B. 87.

To the Disciplinary Board of the Supreme Court of Pennsylvania:

*Hearing Committee,* November 27, 1987 — Hearing Committee [  ], pursuant to rule 89.171 of the Rules of Disciplinary Enforcement, submits its findings and recommendations together with the record in this proceeding.

## STATEMENT OF THE CASE

Respondent, [  ], is the subject of a petition for discipline filed by the Office of Disciplinary Counsel, [A], assistant disciplinary counsel, [  ], Pennsylvania, alleging violations of the following Disciplinary Rules:

(a) Rule 1-102(A)(3) — dealing with illegal conduct involving moral turpitude; and

(b) Rule 1-102(A)(6) — dealing with conduct adversely reflecting upon a lawyer's fitness to practice law.

Hearing Committee [ . ], consisting of [ ], conducted a hearing at the Office of the Disciplinary Counsel on Tuesday, September 22, 1987, commencing at 10 a.m. Present for the Office of Disciplinary Counsel was [A], assistant disciplinary counsel, and [B], investigator. Present for the respondent was respondent, [ ], and his counsel, [C], Esq.

After the required notification to respondent pursuant to section 89.151 of the Disciplinary Board Rules, respondent, through his counsel, stipulated to all allegations set forth in the petition for discipline except for allegation no. 7 and further stipulated that the sole issue to be determined by the hearing committee, given respondent's admissions of his cocaine possession and his cocaine history, was the appropriate discipline to be imposed upon respondent. During the course of the hearing, respondent made no attempt to dispute any factual allegations contained in the petition for discipline.

## FINDINGS OF FACT

(1) Respondent, [ ], Esq., was born in 1942, admitted to practice law in the Commonwealth of Pennsylvania in 1969 and his office is located at [ ].

(2) On October 29, 1985 and October 30, 1985, respondent testified under oath as a government witness at a trial held in the United States District Court for the [ ] District of Pennsylvania before District Judge [D] and a jury in the case captioned *United States of America v. [E], [F], [G], [H], [I], [J], [K], [L] and [M]*, filed at Criminal nos. [ ] and [ ].

(3) In exchange for respondent's testimony, the

U.S. Attorney's Office agreed not to prosecute him for admitting that he used and possessed cocaine.

(4) During the trial, respondent testified during direct examination that he purchased cocaine from various individuals, including [N], [O], [P], and [F].

(5) During the trial, respondent testified during cross-examination that:

(a) he used cocaine from 1977 or 1978 "on and off" until the beginning of 1983;

(b) during some weeks he used four or five grams of cocaine; and

(c) he had "a problem" with cocaine.

(6) Sometime in 1983, respondent ceased the use of cocaine because of the problems that were caused by its use, including interference with his personal life, the strain placed on his marriage, the difficulty of handling his legal practice and the injury to his health.

(7) Respondent was fully aware that the criminal laws of the Commonwealth of Pennsylvania prohibited the possession of cocaine.

(8) Respondent used cocaine many times in the presence of others, some of whom knew he was an attorney.

(9) Respondent purchased cocaine from others, some of whom knew he was an attorney.

(10) After he ceased the use of cocaine in 1983 and before his awareness of the federal drug investigation or the current petition for discipline, respondent made a conscientious attempt to restore his marriage, to improve his relationship with his children, to salvage his law practice and to involve himself in worthwhile community endeavors, including the following:

(a) his participation as an actor in an industrial film portraying the evils of drug usage;

(b) active involvement with the [ ] Township ([ ] County) Drug and Alcohol Task Force;

(c) his membership of the DUI (driving under the influence) advisory council of CARE, a drug and alcohol program; and

(d) active participation as a member and an officer of the [ ] Club.

(11) During the period of respondent's active usage of cocaine, his law practice suffered to the extent that he was forced to file a personal bankruptcy in 1981.

(12) After the filing of the personal bankruptcy, respondent paid all federal tax liabilities which had accrued prior to that date.

(13) By August 1984, respondent had re-established his law practice to the point where it was financially viable and had employed his wife as a secretary, even though they were separated.

(14) Having been advised of the pendency of a federal drug investigation involving one of his clients in August 1984, which investigation also involved allegations of respondent's purchase and use of cocaine, respondent, through counsel, volunteered to cooperate with the federal investigation.

(15) Respondent received no grant of formal immunity in exchange for his cooperation.

(16) Respondent testified before the federal grand jury and in the aforementioned criminal action subsequently commenced in the Federal District Court for the [ ] District of Pennsylvania.

(17) There was extensive media reporting on respondent's testimony in the federal district court criminal case which had an adverse affect on his law practice and caused great disruption in his marriage and in his relationship with his family.

(18) The aforementioned adverse publicity severely affected respondent's son to the point that

psychological counseling was necessary and also contributed to the second separation with his current wife.

(19) As a result of the aforementioned adverse publicity attendant to his cooperation and testimony, respondent's law practice was severely affected and he found himself in financial difficulties once again.

(20) Since the date of his testimony in the federal court criminal matter, respondent has re-established his standing in the community and has successfully rehabilitated his law practice.

(21) Respondent has not used or purchased cocaine since 1983.

## DISCUSSION AND RECOMMENDATIONS

After deliberation, it was the unanimous decision of Hearing Committee [　] that respondent violated Disciplinary Rules 1-102(A)(3) and 1-102(A)(6). The panel was impressed with the fair and even-handed presentation of counsel for petitioner as well as the testimony of respondent. Counsel for petitioner indicated in his closing remarks that there were numerous mitigating circumstances present in the case which made it inappropriate for a suspension and the panel agrees. These mitigating circumstances are as follows:

(1) Respondent's cooperation with the federal drug prosecutors;

(2) The fact that respondent has never been charged with a crime;

(3) That the disciplinary proceedings against respondent are based entirely upon his admissions at a trial during which he testified without grant of immunity;

(4) The total lack of any evidence of current cocaine or other illicit drug usage;

(5) The rebuilding of respondent's law practice;

(6) Respondent's active role in community affairs prior to the commencement of this disciplinary action;

(7) The absence of any proof that any of respondent's clients were in any way harmed as a result of his violations of the Disciplinary Rules; and

(8) Respondent's reconciliation with his wife and children.

While the committee clearly views respondent's conduct during the period 1977 through 1983 as illegal conduct involving moral turpitude and certainly conduct adversely reflecting upon a lawyer's fitness to practice law, the panel strongly recommends that in view of all of the facts and circumstances as set forth above, respondent be subject to a private reprimand rather than a suspension or a public reprimand. The hearing committee acknowledges that one of the legitimate purposes of the disciplinary system is to protect the public, but in view of the fact that no member of the public is endangered by respondent's continuation of his practice of law and further that his conduct has already been made public, the committee can see no legitimate reasons for inflicting further damage upon respondent and his family.

Respondent fully acknowledged the wrongfulness of his conduct as well as the serious potential it created for harm to his clients. He made no attempt to justify or minimize his conduct. Rather, he and his counsel pleaded only that he not be suspended from the practice of law and further that any censure be a private one. He emphasized that he has already twice suffered for his cocaine dependency and that he has twice had the courage to rebuild his life and his law practice.

The committee also makes note of the fact that the ordinary case in which a respondent is a subject of disciplinary proceedings based upon drug usage almost always involves a criminal charge or conviction. In the instant case, respondent's dilemma was created by his voluntary cooperation with the federal government in pursuing its drug prosecution.

## RECOMMENDATION

The committee unanimously recommends that respondent be found to have violated Disciplinary Rules 1-102(A)(3) and 1-102(A)(6) and that petitioner receive a private censure.

## ORDER

And now, January 15, 1988, upon consideration of the report and recommendation of Hearing Committee [ ] dated November 20, 1987; it is ordered and decreed, that the said [respondent] of [ ] County, be subjected to private reprimand by the Disciplinary Board of the Supreme Court of Pennsylvania as provided in rule 204(a)(5) of the Pennsylvania Rules of Disciplinary Enforcement at the next session of this Board. Costs are to be paid by respondent.